THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MOLISSA MILLER ARBUCKLE**                                                           **PLAINTIFF**

**v.**                                                                  **CIVIL CASE NO. 3:20-CV-150-RP**

**COMMISSIONER OF SOCIAL SECURITY**                                       **DEFENDANT**

**OPINION AND JUDGMENT**

Molissa Miller Arbuckle seeks judicial review pursuant to 42 U.S.C. § 405(g) of an unfavorable decision of the Commissioner of Social Security regarding an application for supplemental security income, a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The undersigned held a hearing on July 7, 2021. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the Commissioner's decision is supported by substantial evidence and should be affirmed.

**Standard of Review**

In determining disability, the Commissioner, through the Administrative Law Judge ("ALJ"), works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if she proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993);

---

[2]*Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3]20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4]20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5]20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6]20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7]20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8]*Muse*, 925 F.2d at 789.

*Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

## **Commissioner's Decision**

At step one of the sequential analysis, the ALJ found that the plaintiff has not engaged in substantial gainful activity since the alleged onset date. At step two, he found that the plaintiff

---

[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

has the severe impairments of obesity, Crohn's disease with no complications, diabetes mellitus type II, dermatitis, psoriasis with plaques, hidradenitis suppurativa, kidney stones, plantar fasciitis, gastroesophageal reflux disease, esophagitis, a hiatal hernia, an illeal stricture, episodic diarrhea and lumbago. At step three, he found that none of these impairments or combination of these impairments meets or medically equals a listed impairment. The ALJ then found the plaintiff has the residual functioning capacity ("RFC") to perform light work except:

> she can occasionally engage in climbing and balancing. She has required convenient bathroom access, defined as a restroom on the work premises and within reasonable access. She has needed to avoid concentrated exposure to strong detergents and cleaning products.

At step four, the ALJ found that the plaintiff is able to perform her past relevant work as a billing clerk and teacher aide II. As such, the ALJ concluded that the plaintiff is not disabled.

## Discussion

The plaintiff makes several arguments of error on appeal. First, she argues the ALJ erroneously found that her combination of impairments does not meet or medically equal a listed impairment, despite finding that she has fourteen severe impairments. However, the plaintiff cites no authority – and the court is aware of none – for the proposition that a certain number of severe impairments automatically meets or equals a listed impairment or otherwise results in a finding of disabled. Rather, at step three of the sequential analysis, the plaintiff bears the burden of establishing that her impairment(s) meets or medically equals the criteria for presumptive disability described in the listings. *Whitehead v. Colvin,* 820 F.3d 776, 780-81 (5th Cir. 2016). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Whitehead,* 820 F.3d at 781 (quoting *Sullivan v. Zebley*, 493 U.S. 521, 530,

4

110 S.Ct. 885, 107 L.Ed.2d 967 (1990)) (emphasis in original). The plaintiff in the present case has not done so.

The ALJ thoroughly explained why he found the plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment, addressing a number of specific listings. He acknowledged his obligation to consider the impact of the plaintiff's obesity on her other body systems and related functioning, and he explained why he found her obesity, viewed alone or in combination with her other impairments, does not meet or medically equal the requirements of any listing. The plaintiff has shown no error here.

Next, the plaintiff argues the ALJ improperly rejected the opinion of the plaintiff's treating physician Dr. Hobbs – given in connection with the plaintiff's application for a disabled parking permit – that she is severely limited in her ability to walk and cannot walk 200 feet without stopping to rest. However, the ALJ "will not defer or give any specific weight, including controlling weight, to any medical opinion(s) or prior administrative findings(s), including those from your medical sources." 20 C.F.R. § 404.1520c(a). The ALJ complied with the applicable regulation by articulating how persuasive he found Dr. Hobbs' opinion and by explaining how he considered the factors of supportability and consistency. 20 C.F.R. § 404.1520c. Although perhaps the ALJ could have been more specific as to what record evidence he found to be inconsistent with Dr. Hobbs' opinion, any error in that regard is harmless because the vocational expert testified that if Dr. Hobbs' walking limitation were added to the RFC, the plaintiff's past relevant work as billing clerk would still be available.

Next, the plaintiff argues that the ALJ's failure in his decision to discuss the written statement submitted by the plaintiff's mother is reversible error. However, the ALJ is "not

5

required to articulate how we considered evidence from nonmedical sources." 20 C.F.R. §§ 404.1520c(d) and 416.913(a). The subject statement is exhibited to the ALJ's decision, and the fact it is not discussed in the decision itself does not mean that the ALJ failed to consider it, nor does the ALJ's failure to discuss it render the decision unsupported by substantial evidence. There is no error here.

Next, the plaintiff argues the ALJ "played doctor" by finding the plaintiff requires "convenient bathroom access." The plaintiff argues that this limitation does not accommodate the bathroom breaks the plaintiff testified she required at her teacher's aide job, which she testified she was unable to maintain due to her bathroom needs, and therefore the ALJ erroneously found she could perform that past relevant work. However, although the plaintiff testified that she required long bathroom breaks as a teacher's aide because the bathrooms were "off away from the main building," the ALJ mitigated this inconvenience in his RFC by defining "convenient bathroom access" as "a restroom on the work premises and within reasonable access." Further, the ALJ found that the plaintiff could perform her past relevant work not as she performed it, but rather as that work is generally performed in the national economy. While an ALJ may improperly "play doctor" by drawing his own medical conclusions, such as whether a patient would show signs of atrophy or muscle loss as a result of certain impairments,[11] under the regulations and Fifth Circuit caselaw the determination of the RFC "is the sole responsibility of the ALJ." *Taylor v. Astrue,* 706 F.3d 600, 602-03 (5th Cir. 2012). The RFC assessed by the ALJ in the present case is supported by substantial evidence.

Finally, the plaintiff argues that the ALJ's failure in his decision to discuss the record of

---

[11] *See Frank v. Barnhart,* 326 F.3d 618, 622 (5th Cir. 2003).

the plaintiff's October 23, 2018 visit with Dr. Eddleman is reversible error. However, "[t]he ALJ is not required to recite every scrap of evidence which the claimant considers helpful to [his] case." *Hall v. Barnhart,* 31 Fed.Appx. 839 (5th Cir. 2002) (per curiam). "That the ALJ did not specifically cite each and every piece of medical evidence considered does not establish an actual failure to consider the evidence." *Castillo v. Barnhart,* 151 Fed.Appx. 334, 225 (5th Cir. 2005) (per curiam). The record from Dr. Eddleman is exhibited to the ALJ's decision. It does not contain a "medical opinion" regarding the plaintiff's capacity to perform work related activities such as would require discussion in the decision itself, nor does it contain any medical information that is plainly inconsistent with the RFC assessed by the ALJ. The ALJ committed no error here.

For these reasons and for those announced on the record at the conclusion of oral argument, the court finds the Commissioner's decision is supported by substantial evidence, and it is AFFIRMED.

**SO ORDERED**, this the 7th day of July, 2021.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE